**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SOUTHERN-OWNERS INSURANCE
COMPANY,

    Plaintiff,

vs.                                                        Case No.

MARION RADIATOR SERVICE,
INC. and DEANNA GRIFFIN, AS
PERSONAL REPRESENTATIVE OF
THE ESTATE OF DAVID GRIFFIN,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY sues Defendants MARION RADIATOR SERVICE, INC. and DEANNA GRIFFIN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID GRIFFIN, and alleges as follows:

1. This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.

2. Plaintiff SOUTHERN-OWNERS INSURANCE COMPANY ("SOUTHERN-OWNERS") is a foreign insurance corporation, incorporated in

the State of Michigan, with its principal place of business in Lansing, Michigan, authorized to do and doing business in the State of Florida.

3.   Defendant MARION RADIATOR SERVICE, INC. ("MRS") is a Florida corporation with its principal place of business in Ocala, Florida.

4.   Defendant DEANNA GRIFFIN, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID GRIFFIN ("GRIFFIN"), is an adult individual and is the personal representative of the Estate of David Griffin, who was a resident of Marion County, Florida at the time of his death.

5.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship among the parties and the amount in controversy, exclusive of fees and costs, is in excess of seventy-five thousand dollars ($75,000).[1]

6.   This action is brought pursuant to 28 U.S.C. §2201(a), which provides for this Court to adjudicate a party's rights and other legal relations in an actual controversy.

7.   Venue is proper in this Court pursuant 28 U.S.C. §1391 because both defendants are residents of the State of Florida and both defendants reside in this district, the underlying litigation addressed herein was brought in this district,

---

[1] The monetary value of the object of GRIFFIN's suit (as further described below) from her perspective far exceeds $75,000.  In addition, the subject policy provides $1,000,000 per occurrence limits and SOUTHERN-OWNERS' costs for providing a defense also will likely exceed $75,000.

and all matters concerning the causes of action alleged in the underlying litigation arose in this district.

8. All conditions precedent to this action have been performed by SOUTHERN-OWNERS or have otherwise occurred, been waived, discharged or legally excused.

9. At all times material hereto SOUTHERN-OWNERS insured MRS under a Garage Liability Policy (the "Policy"), a true and correct copy of which with effective dates from January 31, 2022 through January 31, 2023 is attached hereto and made a part hereof as Exhibit "A".

10. As a result of an automobile accident resulting in injuries to David Griffin ("Mr. Griffin") allegedly caused by defective automotive work performed on or about May 25, 2022, GRIFFIN filed suit against MRS in case number 2024-CA-000763 in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida (the "Underlying Action").

11. The current operative pleading in the Underlying Action is the Amended Complaint (the "Underlying Complaint"), and a true and correct copy of same is attached hereto and made a part hereof as Exhibit "B".

12. In the Underlying Complaint GRIFFIN alleges, among other things, that:

- "At all material times, MRS was the landowner, landlord, and in control of the premises located at 5785 NW Gainesville Road,

Ocala, Marion County, Florida, 34475 doing business as a licensed Motor Vehicle Repair provider…" (Par. 7)

- "On or about May 25, 2022 [Mr. Griffin] was lawfully upon [MRS'] premises as a business invitee and customer of its motor vehicle repair services." (Par. 9)

- "[Mr. Griffin] brought his vehicle to MRS to have the radiator repaired." (Par. 10)

- "MRS negligently failed to safely and properly repair the radiator, causing significant amounts of chemical fumes, aerosolized, and/or vaporized chemicals to be released into the interior of the car once [Mr. Griffin] retook possession." (Par. 11)

- "Shortly after leaving [MRS'] premises, Mr. Griffin lost consciousness inside his car due to inhaling the fumes, aerosolized, and/or vaporized chemicals from the negligently repaired vehicle." (Par. 12)

- "[MRS] had actual and/or constructive knowledge of the dangerous repairs…" (Par. 14)

- "[MRS] owed [Mr. Griffin] a duty to not create and/or allow/facilitate the creation of dangerous condition(s) in the vehicle…" (Par. 17)

- "[Mr. Griffin] was injured through his exposure to dangerous fumes, aerosolized, and/or vaporized chemicals…" (Par. 23)

- "MRS' negligence was the legal cause of [Mr. Griffin's' loss, injuries, and harm, by allowing or causing him to be exposed to a harmful and/or hazardous substance." (Par. 24)

- "As a result, as [Mr. Griffin] was sitting in his car, the dangerous fumes, aerosolized, and/or vaporized chemicals released by the negligently repaired, inspected, and maintained vehicle caused him to lose consciousness for a prolonged period of time, creating long term injuries, and required extensive and frequent hospitalization from that point until his demise." (Par. 26)

13. In connection with the Underlying Action SOUTHERN-OWNERS is providing a defense to MRS, albeit subject to a full and complete reservation of rights.  Furthermore, as a matter of law, SOUTHERN-OWNERS' provision of a defense does not estop it from raising coverage issues, both as to defense and indemnity.  Furthermore, prior to filing this action, SOUTHERN-OWNERS informed MRS that it questions whether there is any coverage for the Underlying Action, including by letter to MRS dated January 13, 2025, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "C".

14. Without waiving any other potentially relevant terms and conditions of the Policy, in support of the relief requested herein SOUTHERN-OWNERS advances the Insuring Agreement of the Policy, including the following from Section I – Definitions:

> **D.** **Bodily injury** means **bodily injury**, bodily sickness, or bodily disease sustained by a person, including death resulting from any of these at any time.
>
> **R.** **Occurrence** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> **T.** **Pollutants** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals, liquids, gases and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

In addition, the Policy includes various exclusions in Section II – Coverage, 2. Exclusions, including, without limitation, Exclusion a.(5) which, in pertinent part, provides that the Policy does not apply to:

> Any claim, **suit**, action or proceeding against any **insured** arising out of the discharge, dispersal, release, escape or inhalation of any asbestos related particles, dust, irritants, contaminants, pollutants, toxic elements or materials.

15. Defendants contend that SOUTHERN-OWNERS' obligations pursuant to the Policy apply to the Underlying Action.

16. SOUTHERN-OWNERS, on the other hand, contends that the Underlying Action does not fall within the general coverage grant of the Policy (*i.e.* does not fall within the Insuring Agreement) and/or coverage is entirely precluded by the above-referenced exclusion.

17. As such, a genuine dispute exists between the parties as to whether SOUTHERN-OWNERS provides coverage, and there is therefore a present controversy between the parties as to this issue. Because of the present controversy, SOUTHERN-OWNERS is in need of declaratory relief and is without an adequate, certain, prompt or complete remedy that would be as efficient to attain the ends of justice in its prompt administration as would the relief requested herein.

18. As there is a bona fide, present, and practical need for a declaration of rights between the parties, and as such a declaration deals with present,

ascertainable facts in controversy, and as the parties to this action have a present and adverse interest in the subject matter hereof, SOUTHERN-OWNERS respectfully seeks this Court's declaratory judgment as to its rights, duties, and obligations under the Policy related to or arising from to the Underlying Action.

**WHEREFORE**, SOUTHERN-OWNERS respectfully requests that this Honorable Court declare that there is no coverage for MRS under the Policy for defense and/or indemnity, in whole or in part, for the Underlying Action and further requests costs of this action and such other and further relief deemed appropriate by this Court.

Dated this 7th day of March, 2025.

CAMPBELL TROHN
TAMAYO & ARANDA, P.A.

*/s/ William S. Chambers IV*
_____
WILLIAM S. CHAMBERS, IV
Florida Bar No. 29793
B.Chambers@cttalaw.com
J.Bintliff@cttalaw.com
P.O. Box 2369
Lakeland, FL  33806-2369
(863) 686-0043
(863) 616-1445 (fax)
Attorney for SOUTHERN-OWNERS
